UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARCHELLE MOONEY                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:18CV-225-CRS

AT&T CORP.                                                          DEFENDANT

## MEMORANDUM OPINION

The above-styled action was removed to this court under our diversity jurisdiction. The matter is before the court on motion of the plaintiff, Marchelle Mooney ("Mooney"), to remand the action to the Jefferson County, Kentucky, Circuit Court. The complaint alleges that Mooney, an African American female, worked for AT&T Corp. ("AT&T") worked as a sales associate. The Complaint does not identify her dates of employment. Mooney alleges that during her employment, she complained to AT&T authorities that she was being subjected to racial harassment and discrimination, and that she suffered retaliation and was treated less favorably than Caucasian employees. DN 1-3. Mooney alleges that AT&T is a corporation doing business in Louisville, Kentucky, but the complaint does not identify its place of incorporation. Mooney is a Kentucky citizen. Venue is claimed to be proper, as Mooney resides in Jefferson County, Kentucky. The amount in controversy in this case is alleged to exceed the jurisdictional minimum of the Jefferson County, Kentucky, Circuit Court, but is less than the $75,000.00 jurisdictional minimum for diversity actions in this court, inclusive of costs, punitive damages and the fair value of any injunctive relief. *Id.*

In considering Mooney's motion to remand, the court must consider (1) whether AT&T

has shown by a preponderance of the evidence that the amount in controversy is satisfied, considering the damages alleged at the time of removal, and (2) whether Mooney's post-removal stipulation vitiates the amount in controversy finding. *See Agri-Power, Inc. v. Majestic JC, LLC*, No. 13CV-46-TBR, 2013 WL 3280244 (W.D.Ky. June 27, 2013).

As noted in *Agri-Power, Inc., supra.,* at *2-3,

> As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky.R.Civ.P. 8.01(2), 54.03(2). Therefore, the first issue that must be addressed is whether the Defendants have shown that it is more likely than not that the amount in controversy exceeds $75,000...In regard to the second issue at hand...this court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction. *ee, e.g., Spence v. Centerplate*, ___F.Supp.2d ___, 2013 WL 1163991, at *2 (W.D.Ky. Mar. 21, 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2013 WL 4593409, at *3 (*citing Egan v. Premier Scales & Sys.,* 237 F.Supp.2d 774, 778 (W.D.Ky. 2012).

In support of removal, AT&T offers that it has "conclusively established that the parties are completely diverse." DN 7, p. 2. It alleges that diversity is established through the affidavit of Deirdre L. Scott (DN 1-2). Scott states that she is employed by AT&T Services, Inc. as Director—Financial Analysis—the duties of which require that she routinely review company records which include the terms and conditions of employment of active and former employees of BellSouth Telecommunications, LLC ("BellSouth"). Scott states that Mooney is a current employee of BellSouth as a Sales Associate with the AT&T Digital Care Loyal Retention Group.

She states that Mooney began employment with BellSouth in December, 2007, and that her annual base salary in 2017 was $65,052.00. DN 1-2, ¶¶ 2-3.

AT&T has not yet answered the complaint. Its Notice of Removal states in footnote that AT&T is improperly named as a defendant in this action because Mooney is employed by BellSouth. DN 1, p. 1, n. 1. It then states that "Defendant is a foreign corporation incorporated in the state of New York, with its principal place of business in New Jersey." DN 1, p. 5, ¶ 13. Scott does not state anything in her affidavit about the citizenship of either AT&T or BellSouth. The only mention of defendant's place of incorporation or principal place of business is found in the Notice of Removal which contains argument of counsel, not evidence in the case.

In its computation of damages, AT&T concludes that Mooney's claimed damages exceed the sum of $75,000.00. It notes that, per Scott, her annual base salary was $65,052.00, and notes that Mooney seeks back pay and front pay. AT&T opines that, conservatively, this case would not go to trial for 18 months. Thus it concludes that "back wages alone could eclipse $97,000." DN 7, p. 2. However, AT&T states, and Scott avers, that Mooney remains employed by BellSouth. AT&T offers no explanation for its back wages argument offered to substantiate that the complaint meets the amount in controversy requirement for diversity jurisdiction.

With no substantiated argument for the compensatory damages component of the prayer for relief, we cannot credit any argument concerning damages for emotional distress, mental anguish, humiliation and embarrassment. Any comparison, in this instance, to past awards is thus fruitless.

Additionally, Mooney has filed a stipulation, through counsel, accompanying her motion for remand that

As evidenced by the signature of counsel for Plaintiff below, Plaintiff, Marchelle Mooney, hereby stipulates as follows:

1. The amount in controversy in connection with Plaintiff's claims asserted in this case is less that seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief; and

2. Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief.

This stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to Plaintiff.

DN 5-1.

The language of this stipulation comports with *Martin v. UPS Supply Chain Solutions*, Civil Action No. 3:14-CV-00342-TBR, 2015 WL 691557 (W.D.Ky. Feb. 18, 2015), *Agri-Power, Inc., supra.,* and cases cited therein holding that such a stipulation satisfies the requirement that the plaintiff's stipulation be clear and unequivocal. See also *Agri-Power* at *4, *quoting Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345, 1348 (2013)("'[s]tipulations must be binding' because they amount to an 'express waiver made...by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'").

AT&T is concerned that the stipulation may not be watertight in state court. It notes that the stipulation is an unsworn statement of Mooney's attorney and there is some small variance between the complaint and the stipulation.[1] We reiterate what we have stated in similar cases. While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand. To be clear, not only do we have the signed stipulation filed in the record of this case

---

[1] AT&T notes that the stipulation includes costs in the itemization of the amount in controversy, where the complaint did not mention costs.

on behalf of the plaintiff, but we also have a representation in the state court complaint that the unspecified amount[2] in controversy is less than $75,000.00. DN 1-3, p. 2, ¶ 3. The case was removed to this court despite this statement in the complaint, and thus there is no post-removal manipulation by the plaintiff of the amount in controversy. Rather, the stipulation clarifies that plaintiff stipulates that it is bound by this sum on remand. While the court has no doubt as to the unequivocal statement of the plaintiff, we note that any attempt to void the commitment will be considered sanctionable conduct and may justify re-removal. *See, VanEtten v. Boston Scientific*, 2009 WL 3485909, *2 (W.D.Ky. Oct. 23, 2009); *Hoop v. Wal-Mart East, L.P.*, Civil No. 13-115-GFVT, 2014 WL 1338704 (E.D.Ky. Mar. 31, 2014). The motion to remand will therefore be granted.

A separate order will be entered this date in accordance with this opinion.

June 1, 2018

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[2] Unspecified due to the rules of pleading in Kentucky state courts, but properly noted to exceed the jurisdictional threshold of the Circuit Court.